UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK (Syracuse)

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> - against - <br><br> BUCKINGHAM BROTHERS, LLC <br><br> Defendant. | Docket No. 5:19-cv-796 (LEK-ATB) |

**STATEMENT OF DAMAGES**

Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff") via counsel respectfully submits the following statement of damages, and supporting exhibits attached hereto, in connection with Plaintiff's motion for default judgment pursuant to Federal Rule of Procedure 55(b)(2).

1. For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000 in civil penalties for willful copyright infringement.

**Evidence in Support of Statutory Damages for Copyright Infringement**

2. "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v.*

*Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages.'"); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

    3.    Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available.*'") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

    4.    Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history. Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC,* 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

5. The requested amount is consistent with a long-line of cases in this Circuit which award $30,000 where defendant has defaulted in a copyright infringement action. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

6. Further, a civil penalty of $30,000 is justified given that Defendant operates in the publishing industry and is therefore presumed to have knowledge of copyright law. *See, e,g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("As the defendants are in the book publishing business and in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing [statutory] damages against defendants."); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful

infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law.").

7. Moreover, in the last three years, Courts in this District have routinely awarded $30,000 in statutory damages for a single photograph <u>without</u> holding an inquest and without proof of actual damages. *See, e.g., Wolman v. Hudson Valley News Network, LLC*, 18-cv—11589 (JSR), dated 4/15/19 (awarding $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)); *Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS), dated 12/10/18 (awarding $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)); *Martinka v. Diario De Mexico USA, Inc.*, 18-cv-1993 (AT), dated 6/27/18 (awarding "$30,000 in civil penalties for copyright infringement"); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF), dated 6/25/18 (awarding "$30,000 in civil penalties for copyright infringement"); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP), dated 5/24/18 (ordering that "Defendant shall pay $30,000 in statutory damages" under the Copyright Act); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR), dated 5/2/18 (ordering that "Defendant shall pay $60,000 in civil penalties [for two images], representing $30,000 for each instance of willful copyright infringement."); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF), dated 4/24/18 (ordering that "Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in civil penalties for copyright infringement."); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS), dated 3/28/18 (ordering $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501 after declaring that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work"); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR, dated 1/8/18 (awarding "$30,000 in civil penalties for each instance of willful copyright infringement."); *Lee v. White Cat Media*, 17-cv-8122 (JSR), dated

12/13/17 (awarding "$30,000 as damages for defendant's infringement of plaintiff's [copyright] in violation of 17 U.S.C. § 501 et seq."); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA), dated 10/11/16 (ordering that "Defendant shall pay $30,000 in civil penalties for willful copyright infringement").

        8.     True and correct copies of the orders cited in the preceding paragraph are attached hereto as <u>Exhibit A</u>.

Dated: October 18, 2019
Valley Stream, New York

                                       Respectfully Submitted:

                                       **/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
F: (516) 612-2740
rl@liebowitzlawfirm.com

*Counsel for Plaintiff*