UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK (Syracuse)

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> - against - <br><br> BUCKINGHAM BROTHERS, LLC <br><br> Defendant. | Docket No. 5:19-cv-796 (LEK-ATB) <br><br> **DECLARATION OF RICHARD LIEBOWITZ** |

I, RICHARD LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against Buckingham Brothers, LLC ("Defendant") pursuant to Fed.R.Civ.P. 55(b), Local Rule 55.2(b) and the Court's Individual Practices.

*(i)   Basis for Entering a Default Judgment is Appropriate, Including a Description of the Method and Date of Service of the Original Summons and Complaint*

3. Plaintiff's claims for copyright infringement involve Defendant's unlawful expropriation of Plaintiff's registered photograph of Pork (the "Photograph").

4. Defendant ran the Photograph on its weekly advertisements for its food products. Defendant did not have Plaintiff's authorization to republish the Photograph.

5.     Plaintiff's copyright infringement claim qualifies for statutory damages under §412 because the registration was obtained prior to the infringement.

6.     This action was initiated on July 4, 2019 [Dkt. #1].

7.     On July 9, 2019, a copy of the summons and complaint was served on Defendant via Sue Zouky, a clerk in the office of the Secretary of State of New York [Affidavit of Service, Dkt. #5]  The deadline to file an answer or responsive pleading was July 30, 2019.

8.     The basis for entry of default is Defendant's failure to answer or otherwise file a response to the complaint.

**(ii)    *Basis for Subject Matter Jurisdiction***

9.     This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**(iii)   *Whether the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action***

10.    There is only one defendant in this action; thus, the Court may appropriately order a default judgment against Defendant on the issue of damages.

**(iv)   *The proposed damages and the bases for each element of damages including interest, attorneys' fees, and costs***

11.    For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000 in civil penalties for willful copyright infringement.

12.    Plaintiff also seeks $2975.00 in attorney's fees and $480.00 in costs pursuant to 17 U.S.C. § 505.

**Evidence in Support of Statutory Damages for Copyright Infringement**

13.    "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of

not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

      14.     Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available.*"") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

      15.     Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history. Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton*

*Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

16. The requested amount is consistent with a long-line of cases in this Circuit which award $30,000 where defendant has defaulted in a copyright infringement action. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

17. Further, a civil penalty of $30,000 is justified given that Defendant operates in the publishing industry and is therefore presumed to have knowledge of copyright law. *See, e,g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("As the defendants are in the book publishing business and in a position to repeat

the unauthorized reproduction of copyrighted material, there is deterrent value in assessing [statutory] damages against defendants."); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law.").

**Attorneys' Fees and Costs**

18.    Plaintiff seeks $2975.00 in attorneys' fees and $480.00 in costs under 17 U.S.C. § 505.

19.    I am a founding member and managing partner at Liebowitz Law Firm, PLLC, a boutique law firm which specializes in copyright enforcement of photographs and videos. I graduated from the Maurice A. Deane School of Law at Hofstra University in 2015 and I have filed over a thousand copyright infringement lawsuits in S.D.N.Y. and E.D.N.Y. since January 2016 and have thereby developed an expertise in the field. My rate is $425/hr.

20.    My hourly rate of $425 is "well below what other courts in this district have found as reasonable" for partners. *See, e.g.*, *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."); *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075 (LGS), 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (approving partners' hourly rates of $565 to $855); *Broadcast Music, Inc. v. Pamdh Enters., Inc.*, No. 14-cv-2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases approving partners' hourly rates of $400 to $735); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6

(S.D.N.Y. May 10, 2012) (collecting cases approving hourly rates of $400 to $650 for partners in copyright and trademark cases); *GAKM Res. LLC v. Jaylyn Sales Inc.*, No. 08 Civ. 6030 (GEL), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving hourly rates of $650 and $600 for partners specializing in intellectual property litigation); Diplomatic Man, 2009 WL 935674, at **5-6 (approving partners' hourly rate of $650); *BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2484 (PKC), 2007 WL 1989292, at *2, 4 (S.D.N.Y. July 6, 2007) (approving hourly rates greater than $500 for experienced copyright litigators).

**Statement of Fees**

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 7/4/19 | • Review case file in preparation for filing; conduct due diligence re: copyright registration | 1.5 | $637.50 |
|  | • Draft and file complaint | 1.0 | $425.00 |
| 7/9/19 | • Process service of summons and complaint | 0.5 | $212.50 |
| 9/13/19 | • Request Clerk's Entry of Default | 0.5 | $212.50 |
| 10/18/19 | • Draft and research application for default judgment, including attorney declaration | 3.5 | $1487.50 |
| **Total** |  | 7.0 | **$2975.00** |

**COSTS**

| Date | Description | Total |
|---|---|---|
| 7/4/19 | Court filing fee | $400.00 |
| 7/9/19 | Service fee | $80.00 |
| **TOTAL** | - | **$480.00** |

**(iv)** *Legal Authority For Why An Inquest Would be Unnecessary*

21. As a general matter, the amount of damages to award in connection with a default judgment may be decided by the Court without a hearing. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir.

6

1997); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment'").

22. Here, a formal inquest into actual damages is unnecessary because Plaintiff has elected an award of statutory damages as a basis which, as a matter of law, does not require proof of actual damages or infringers' profits. *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu*, 2009 WL 2905780 ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.").

23. Moreover, in the last three years, Courts in this Circuit have routinely awarded $30,000 in statutory damages for a single photograph without holding an inquest and without proof of actual damages. *See, e.g., Wolman v. Hudson Valley News Network, LLC*, 18-cv—11589 (JSR), dated 4/15/19 (awarding $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)); *Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS), dated 12/10/18 (awarding $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)); *Martinka v. Diario De Mexico USA, Inc.*, 18-cv-1993 (AT), dated 6/27/18 (awarding "$30,000 in civil penalties for copyright infringement"); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF), dated 6/25/18 (awarding "$30,000 in civil penalties for copyright infringement"); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP),

dated 5/24/18 (ordering that "Defendant shall pay $30,000 in statutory damages" under the Copyright Act); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR), dated 5/2/18 (ordering that "Defendant shall pay $60,000 in civil penalties [for two images], representing $30,000 for each instance of willful copyright infringement."); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF), dated 4/24/18 (ordering that "Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in civil penalties for copyright infringement."); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS), dated 3/28/18 (ordering $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501 after declaring that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work"); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR, dated 1/8/18 (awarding "$30,000 in civil penalties for each instance of willful copyright infringement."); *Lee v. White Cat Media*, 17-cv-8122 (JSR), dated 12/13/17 (awarding "$30,000 as damages for defendant's infringement of plaintiff's [copyright] in violation of 17 U.S.C. § 501 et seq."); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA), dated 10/11/16 (ordering that "Defendant shall pay $30,000 in civil penalties for willful copyright infringement"). True and correct copies of the orders cited in this paragraph are attached hereto as Exhibit A.

24. No part of the Judgment sought has been paid, other than as indicated in the present motion.

25. Attached hereto as Exhibit B is a true and correct copy of the initiating complaint plus exhibits.

26. Attached hereto as Exhibit C is a copy of the affidavit of service of the summons and complaint and supplemental affidavits of service.

27. Attached hereto as Exhibit D is the Certificate of Default from the Clerk of Court.

Dated: October 18, 2019
Valley Stream, New York

        Respectfully Submitted:

        **/richardliebowitz/**
        By: Richard Liebowitz
        LIEBOWITZ LAW FIRM, PLLC
        11 Sunrise Plaza, Ste. 305
        Valley Stream, NY 11580
        (516) 233-1660
        F: (516) 612-2740
        rl@liebowitzlawfirm.com

        *Counsel for Plaintiff*