UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK (Syracuse)

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> - against - <br><br> BUCKINGHAM BROTHERS, LLC <br><br> Defendant. | Docket No. 5:19-cv-796 (LEK-ATB) |

### [PROPOSED] DEFAULT JUDGMENT

This matter came before the Court on plaintiff Adlife Marketing & Communications Company Inc. ("Plaintiff")'s motion for entry of a default judgment against defendant Buckingham Brothers LLC ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

1. Plaintiff's complaint and an original summons were served on Defendant on July 9, 2019. An affidavit of service was filed with the Court on July 9, 2019.

2. On September 17, 2019, the Clerk of the Court for the United States District Court, Northern District of New York entered a default against Defendant for failure to plead or otherwise defend this action.

3. Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

4. Plaintiff filed his application for entry of default judgment on October 18, 2019.

5.   On _____, the Court scheduled a hearing for Plaintiff's application for default judgment.  Defendant has failed to respond to that Order.

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiff's application for Entry of Default Judgment is GRANTED pursuant to Fed.R.Civ.P. 55(b)(2); it is

**FURTHER ORDERED** that the Court declares that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work; it is

**FURTHER ORDERED** that Defendant shall pay $30,000.00 in statutory damages under 17 U.S.C. § 504(c); it is

**FURTHER ORDERED** that Defendant shall pay $2975.00 in attorneys' fees and $480.00 in costs pursuant to 17 U.S.C. § 505; it is

**FURTHER ORDERED,** that Defendant shall post-judgment interest under 28 U.S.C.A. § 1961; it is

**FURTHER ORDERED** that this Court retains jurisdiction over any matter pertaining to this judgment; and it is

**FURTHER ORDERED** that this case is dismissed and the Clerk of the Court shall remove it from the docket of the Court.

This is a final appealable order. *See* FED. R. APP. P. 4(a).

Dated:  _____                             **SO ORDERED.**


                                                                        _____
                                                                        Lawrence E. Kahn (U.S.D.J.)